CRAIN, Judge.
This is an appeal of a judgment of the trial court dismissing plaintiffs suit for in-junctive relief on the grounds of improper venue.
Dr. John Foster was employed as the principal of Southeast Louisiana Hospital School in Mandeville, Louisiana. On November 19, 1981, the Board of Elementary and Secondary Education (BESE) ordered the transfer of the plaintiff to another school. In response thereto, petitioner filed suit in St. Tammany Parish on February 12, 1982, seeking to enjoin his transfer by BESE. At the time of filing of the suit, a temporary restraining order was signed by Judge Thomas W. Tanner of the 22nd Judicial District Court, temporarily restraining, enjoining, and prohibiting BESE from ordering the transfer of Dr. Foster. The order was continued in effect by Judge Tanner on February 18,1982. On February 26, 1982, BESE filed a motion to dissolve the temporary restraining order. At the hearing on the motion to dissolve, the case was dismissed as being filed in the improper venue. From this judgment, plaintiff appeals.
The plaintiff/appellant argues that,
“The trial judge erred in holding that there was no venue for an action in tort in St. Tammany for interference with Dr. Foster’s employment and for harassment.”
Appellant misconstrues his own suit. He sued for an injunction prohibiting BESE from transferring Dr. Foster from the Southeast Louisiana Hospital School on the grounds that BESE has no authority to allegedly interfere with Dr. Foster’s employment in such manner, and that the action is consequently designed to harass, humiliate and defame Dr. Foster. No damages are asked for because of any defamation or contractual interference.
R.S. 17:1 provides for the establishment of BESE, and defines it as a body corporate. R.S. 17:3 provides:
“The board shall be domiciled in the city of Baton Rouge, parish of East Baton Rouge.”
Ordinarily, suits would be brought at the domicile of the board under the general venue articles. La.C.C.P. Art. 42(2). However, appellant is attempting to fall within the exception to the general venue provision of La.C.C.P. Art. 74. That article provides in part that:
“An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained... ”.
The only way for appellant to avail himself of the exception is to claim he sustained damages in St. Tammany Parish. However, he did not sue for damages. Consequently, he falls within the purview of the second sentence of La.C.C.P. Art. 74, which states that:
“... An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.”
The record reflects that the action to transfer appellant was taken by BESE in East Baton Rouge Parish. In fact, there is an appeal of that decision presently pending in East Baton Rouge Parish. Consequently, even if the action of BESE is termed an offense or quasi offense, the proper venue to enjoin that action where no damages are alleged in East Baton Rouge Parish.
The judgment of the trial court maintaining the exception of improper venue is affirmed at appellant’s costs.
AFFIRMED.