527 So.2d 1128 (1988)
TEXACO, INC. et al.
v.
PLAQUEMINES PARISH GOVERNMENT, the Department of Natural Resources, et al.
No. CA 87 1843.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Rehearing Denied August 24, 1988.
*1129 J. Carter Wilkinson, Baton Rouge, John Fitzmorris, Jr., New Orleans, for plaintiff-appellant Texaco, Inc., et al.
Ernest R. Eldred, Baton Rouge, for defendant-appellee The Plaquemines Parish Government.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal of an interlocutory judgment.
On March 20, 1987, Texaco, Inc. filed an action for declaratory judgment in East Baton Rouge Parish regarding ownership of water beds in a segment of Plaquemines Parish. Named as defendants were Exxon Corporation, the State of Louisiana and agencies thereof, the Successions of Emile J. Rose and Robert Morris, the successors of Robert J. Lobrano, Chevron USA, Inc. and Plaquemines Parish Government (PPG). Subsequently, Getty Oil Company and Texaco Producing Inc. joined as parties plaintiff. On April 27, 1987, PPG filed exceptions, including a declinatory exception of improper venue, arguing that proper venue for this action lies in Plaquemines Parish pursuant to La.R.S. 13:5104(B). On June 3, 1987, before the ruling on the exception of improper venue, PPG filed a request for the production of documents upon the plaintiffs. On August 19, 1987, the trial court sustained PPG's exception of improper venue and transferred this action to Plaquemines Parish.

FACTS
Texaco Producing Inc., Exxon and Chevron are the lessees on a mineral lease to certain property located in Plaquemines Parish. PPG asserts that the State of Louisiana owns the beds of certain waterways, as a result some property under the lease is non-contiguous, and the servitude has prescribed for nonuse. Texaco Inc. instigated an action for a declaratory judgment regarding the ownership of the waterbeds and interpretation of a 1928 lease agreement by the Buras Levee District to Robert Lobrano (the source of Texaco's rights).
The issue for determination is whether venue is proper. This depends on whether La.R.S. 13:5104(B), a mandatory venue provision, is applicable to this action, and if so whether PPG's request for production of documents constitutes or can constitute a waiver of La.R.S. 13:5104(B).

ANALYSIS
La.R.S. 13:5104(B) states that: "All suits filed against a political subdivision of the state shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises." Further, La.R.S. 13:5101 makes 13:5104(B) applicable "to any suit in contract or for injury to person or property against the state, a state agency, or a political subdivision of the state, as defined herein[.]"
Plaintiffs do not contend that they own any portion of the disputed property. Any interest or right they have is acquired pursuant to the lease agreements. In essence, plaintiffs are requesting an evaluation *1130 of rights under the lease agreement and how they would be affected by a determination of the ownership of the river bottoms. This clearly falls under La.R.S. 13:5101 and 5104 as a "suit in contract". The mandatory venue provision of La.R.S. 13:5104 is therefore applicable, and Plaquemines Parish is the proper venue.
The plaintiffs argue that under La. C.C.P. art. 42(4) suit against one of the defendants, Exxon, is proper in East Baton Rouge where its principal place of business is located. Consequently, pursuant to La. C.C.P. art. 73, which provides that an action against joint or solidary obligors is proper against all obligors in any parish where it is proper against one, venue would be proper in East Baton Rouge as to PPG.
Exxon's interest in the action derives from the same lease agreement, the "Lobrano lease," as the plaintiff's. Exxon does not allege ownership of the river bottoms. There are no allegations of any adverse interests between the plaintiffs and Exxon. Nor is there any allegation that Exxon is liable jointly or solidarily with PPG to plaintiffs. Certainly Exxon cannot be made a party defendant solely for the purpose of obtaining venue over PPG under La.C.C.P. art. 73.
The appellant argues that mandatory venue provisions are waivable, and that PPG waived its exception to venue by requesting a document and making a general appearance before the ruling on the exception.
La.C.C.P. art. 44 provides that certain venue provisions are non-waivable. The appellant argues that since La.R.S. 13:5104 is not expressly designated as non-waivable, nor listed in La.C.C.P. art. 44, the mandatory venue provision of La.R.S. 13:5104 is waivable.
We do not reach the issue whether a mandatory venue provision is waivable because we find that the actions by PPG do not constitute a "general appearance."
La.C.C.P. art. 7(A) provides in pertinent part:
[A] party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than ... (5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant [Emphasis added].
In Stelly v. Quick Manufacturing, 228 So.2d 548 (La.App. 3rd Cir.1969), the court held that filing answers to interrogatories was not seeking any "relief" as that term is used in La.C.C.P. art. 7 where the interrogatories were designed to secure facts to establish the court's jurisdiction.
Texaco Inc. originally filed this action against the defendants. The petition was amended to add Texaco Producing Inc. and Getty Oil Company as additional lessees under the lease as plaintiffs. Texaco Inc. filed bankruptcy, and the automatic stay provisions of bankruptcy prohibited a ruling on the exception of improper venue filed by PPG. PPG argued that the automatic stay provisions did not prohibit the state court from ruling on the venue exception because Texaco Inc. had no interest in the action and the other plaintiffs were not involved in the bankruptcy proceedings. The document requested by PPG was to this effect. After providing the document, Texaco Inc. moved to dismiss its claim in the instant suit and, with the automatic stay provisions of bankruptcy lifted, the trial court ruled on the exception of improper venue.
The request for the document by PPG was to allow the court to rule on its venue exception and was not an attempt to obtain discovery as to the merits of the case. We find that this action did not constitute a "general appearance" so as to waive the exception of improper venue.
The judgment of the trial court is affirmed. All costs are assessed against the appellant.
AFFIRMED.
LANIER, J., concurs and assigns reasons.
SHORTNESS, J., dissents. The amended petition changed this action to one seeking a declaration of ownership of property.
LANIER, Judge, concurring.
La.R.S. 13:5104 provides as follows:

*1131 A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
B. All suits filed against a political subdivision of the state shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.
(Emphasis added.)
La.R.S. 1:3 provides, in pertinent part, as follows:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language....
The word "shall" is mandatory and the word "may" is permissive.
Cf. La.C.C.P. art. 5053; La.C.Cr.P. art. 5; La.C.J.P. art. 4. Prior to Act 306 of 1985, La.R.S. 13:5104(B) used the word "may" instead of the word "shall." The only change in La.R.S. 13:5104(B) which was made by Act 306 of 1985 was to change the word "may" to the word "shall."
This is a simple case of statutory construction. The following rules found in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984) are applicable:
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written....
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
The word "shall" is mandatory; the word "may" is permissive. The intent of the legislature in changing "may" to "shall" in Act 306 of 1985 is obvious; the legislature intended to establish mandatory venues for suits against political subdivisions (parishes) in the district court of either the parish "in which the political subdivision is located or in ... the parish in which the cause arises." The mandatory venue in this case is Plaquemines Parish.
I respectfully concur.