KLEES, Judge,
dissents.
The plaintiff, River Marine, entered into a lease with the defendant Port of St. Bernard (“PSB”) as owner of certain premises on the Mississippi River. Under the terms of the lease, River Marine was to have access to the premises to conduct an investigation as to the feasibility of using the premises for construction and operation of an international marine cargo facility. PSB represented to River Marine that it (the Port of St. Bernard) was the proper state authority to provide the necessary permits and regulatory approvals for such a project. The defendant Port of New Orleans (PNO) asserts that it (Port of New Orleans) is in fact the proper regulatory authority. River Marine instituted this declaratory action in St. Bernard Parish to determine which of defendants is indeed the proper regulatory authority.
The Port of New Orleans filed exceptions of improper venue and nonjoinder of a necessary or indispensable party. The Port of New Orleans seeks writs from the denial of those exceptions.
PNO asserts that venue under La.C.C.P. art. 42 is proper only in Orleans Parish and that the exception in La.R.S. 13:5101 et seq. should not apply. PNO asserts that this suit is for declaratory relief and is therefore not a suit “in contract.” However, the suit by River Marine was instituted to determine its rights under a contract of lease regarding property in St. Bernard. Therefore it is a suit “in contract,” and venue is proper in St. Bernard Parish, i.e. where the cause arose. La.R.S. 13:5104(B). See also Texaco, Inc. v. Plaquemines Parish Gov’t., 527 So.2d 1128 (La.App. 1st Cir.1988).
Accordingly, I would deny the application.