BECKER, Judge.
This matter is on remand from the Louisiana Supreme Court to consider the exception of improper venue filed by the Board of Commissioners of the Port of New Orleans, after reversing this court’s original Judgment dismissing without prejudice a declaratory judgment action filed by River Marine Contractors (RMC) against the Board of Commissioners of the Port of New Orleans (PNO) and the Board of Commissioners of the St. Bernard Port, Harbor and Terminal District (SBPHTD) on the grounds of sovereign immunity. (See 556 So.2d 284, writ granted 559 So.2d 1383).
RMC filed a declaratory judgment action in St. Bernard Parish and named as defendants the PNO and the SBPHTD. In its petition, RMC alleged it entered into a lease with SBPHTD for the purpose of constructing a terminal to handle domestic and international waterborne commerce at the site of the former Kaiser Aluminum plant, now owned by SBPHTD, in St. Bernard Parish. The lease was for an interim term of five months with automatic month-to-month extensions while RMC explored the feasibility of the project. RMC alleged that PNO informed it that the construction and operation of the proposed facility was under the jurisdiction and statutory authority of the PNO. In paragraph XX of the petition, RMC stated:
Unless there is a resolution by this Court as to the respective rights and responsibilities of the St. Bernard Port and the Port of New Orleans, petitioner, River Marine, will continue to face the uncertainty and insecurity as to who is the proper regulatory authority, therefore placing at risk past and future expenses and resources. Therefore, the need for Declaratory Judgment is immanent [sic] and summary resolution is necessary. The rights, responsibilities and authorities relative hereto are entirely contained in state law and, therefore, the judiciary authority of this State and the Parish in which venue occurs, is the proper arbitra *622 tor of the differences between the two referenced public authorities.
In paragraph XXIII, RMC also stated: Petitioner further alleges that the uncertainty or controversy surrounding the contractual and legal relationship among the parties will continue unless the Court, by Declaratory Judgment, terminates the uncertainty or controversy giving rise to these proceedings by determining which of the two port authorities, the St. Bernard Port or the Port of New Orleans has legal authority and jurisdiction to regulate the subject matter of the lease agreement currently in effect, and the permanent lease agreement to be confected after these proceedings are concluded.
RMC prayed for a declaratory judgment declaring whether the PNO or the SBPHTD was the appropriate authority to regulate the contractual relationship in the form of the lease between RMC and SBPHTD and which one had the authority to regulate the operation of the terminal as those operations pertain to international cargo and commerce.
PNO filed a declinatory exception of improper venue, a dilatory exception of failure to join a necessary party and a peremptory exception of failure to join an indispensable party plaintiff. The trial court denied the exceptions finding that venue was proper in St. Bernard Parish under R.S. 13:5104(B) because the declaratory judgment action involved a contract and the cause of action arose in St. Bernard.
R.S. 13:5101 provides:
This Part applies to any suit in contract or for injury to person or property against the state, a state agency, or a political subdivision of the state, as defined herein, or against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment. The Part also applies to any other suit expressly authorized by special or general law or resolution adopted by the legislature. (Emphasis added)
RMC’s declaratory judgment action cannot be considered a suit in tort or in contract because RMC’s lease with SBPHTD is not at issue. The suit does not involve an interpretation of or a declaration of rights under the lease between RMC and SBPHTD, but merely request that the court determine the rights, jurisdiction and responsibilities of each defendant under conflicting state statutes. However, since the doctrine of sovereign immunity has not been pled, we now find that the Declaratory Judgment Act (C.C.P. art 1871 et seq.) is a general law expressly authorized by the legislature and therefore R.S. 13:5101 is applicable. Gary v. Marquette Cas. Co., 72 So.2d 619 (La.App. 1st Cir.1954).
PNO is a state agency while SBPHTD is a political subdivision. R.S. 13:5102(A), (B); R.S. 34:1701; State ex rel. Tallant v. Board of Com’rs of Port of New Orleans, 161 La. 361, 108 So. 770 (1926); Hartwig Moss Ins. Agency v. Board Com’rs of Port of New Orleans, 206 La. 395, 19 So.2d 178 (1944); Fouchaux v. Board of Com’rs of Port of New Orleans, 186 So. 103 (La.App.1939), affirmed 193 La. 182, 190 So. 373, cert. denied, 308 U.S. 554, 60 S.Ct. 112, 84 L.Ed. 466 (1939).
Regarding venue as to actions filed against the State, a state agency or a political subdivision, R.S.13:5104 provides:
A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capital is located or in the district court having jurisdiction in the parish in which the cause of action arises.
B. All suits filed against a political subdivision of the state shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district having jurisdiction in the Parish in which the cause arises. (Emphasis added)
A declaratory judgment action is only a means of obtaining relief. It is not in and of itself a cause of action but is instead a procedural vehicle which has as its purpose “to settle and afford relief from uncertainty and insecurity with respect to rights, *623 status, and other legal relations ...” C.C.P. art. 1881. Therefore, those provisions of R.S. 13:5104(A) and (B) dealing with where the cause of action arises are inapplicable.
Prior to Act 306 of 1985, R.S. 13:5104(B) used the word “may” instead of “shall”. The only amendment made by Act 306 of 1985 was to change the word “may” to “shall”. Since the word “may”, which is permissive, is used in R.S. 13:5104(A), the venue for the State or a state agency, and the word “shall”, which is mandatory, is used in R.S. 13:5104(B), venue for a political subdivision, we find that the proper venue, when faced with the dilemma of both a state agency and a political subdivision being cast as party defendants, would fall under the mandatory provision of the statute, the domicile of the political subdivision, St. Bernard Parish.
We further find that the declaratory exception of failure to join a necessary party and the peremptory exception of failure to join an indispensable party plaintiff are without merit. This is not a suit in contract or lease as in Texeco v. Plaquemines Parish Government, 527 So.2d 1128 (La.App. 1st Cir.1988) but is merely a suit to determine the proper jurisdiction and the authority of each party defendant.
WRIT DENIED.