603 So.2d 270 (1992)
COMMERCIAL NATIONAL BANK IN SHREVEPORT, Trustee, a National Banking Association, Plaintiff/Appellee,
v.
FIRST NATIONAL BANK OF FAIRFIELD, TEXAS and Transworld Life Insurance Company, on Behalf of Themselves and all Others Similarly Situated, Defendants/Appellants.
No. 24303-CA.
Court of Appeal of Louisiana, Second Circuit.
July 31, 1992.
Writ Denied October 16, 1992.
*271 Cook, Yancey, King & Galloway by Herschel E. Richard, Jr., Shreveport, for plaintiff/appellee.
Gainsburgh, Benjamin, Fallon, David & Ates by Jack C. Benjamin, New Orleans, for defendant/appellant First Nat. Bank Of Fairfield, Tex.
Goodman, Collinsworth & Fox by Robert U. Goodman, Shreveport, for defendant/appellant Transworld Life Ins. Co.
Deutsch, Kerrigan & Stiles by Duris L. Holmes, New Orleans, for defendant/appellant Louisiana Housing Finance Agency.
Before MARVIN, NORRIS, and VICTORY, JJ.
VICTORY, Judge.
The sole issue presented on appeal is whether the 1st Judicial District Court, Parish of Caddo, is a proper venue in this declaratory judgment action in which a political subdivision of the state is a defendant. For the reasons which follow, we affirm the judgment of the trial court overruling an exception of improper venue.

FACTS
Commercial National Bank in Shreveport (CNB) is the trustee under a Trust Indenture between it and the Louisiana Housing Finance Agency (LHFA). Under the provisions of LSA-R.S. 40:600.3, LHFA is a political subdivision and instrumentality of the state, allocated to the Department of the Treasury. LHFA is authorized by law to issue bonds and, in connection therewith, to establish a trust indenture between LHFA and a corporate trustee which may be any bank having the powers of a trust company. LSA-R.S. 40:600.9. In the instant case, nearly $150 million dollars worth of such bonds were sold, and pursuant to the Trust Indenture, the proceeds were invested through a contract issued by a California insurance company. Subsequently, the insurance company was placed in conservatorship by the California Insurance Commissioner. As a result, the insurance company failed to make payments to CNB, which then was unable to make interest payments to the bondholders, constituting default of the bonds.
Unsure of the scope of its authority with respect to making certain decisions and taking certain actions on behalf of the bondholders which might result in a compromise of the bondholders' claims in the California conservatorship proceedings, CNB filed an action in the 1st Judicial District Court, Parish of Caddo, seeking a declaratory judgment authorizing it to compromise the claims of the bondholders. In the alternative, CNB prayed that if the court denied the declaratory relief, the action become a receivership, and that CNB be named receiver.
CNB's initial petition sought to make only the bondholders defendants in the action. However, CNB filed an amended petition adding LHFA as a defendant. LHFA then filed a declinatory exception of improper venue, alleging that East Baton Rouge Parish, and not Caddo Parish, was the proper venue. After the exception was denied in January 1992, LHFA filed a timely appeal. This Court ordered review expedited, and denied a motion for oral argument.

DISCUSSION
LHFA's exception was based on the special venue statute applicable to political subdivisions, LSA-R.S. 13:5104(B), which provides:

*272 All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.
LHFA asserts that under the holding in River Marine Contractors, Inc. v. Board of Commissioners of St. Bernard Port, Harbor and Terminal District, 568 So.2d 620 (La.App. 4th Cir.1990), writ denied 571 So.2d 645 (La.1990) in a suit for declaratory judgment the only proper venue under 13:5104(B) is the parish in which the political subdivision is located.
Contrary to LHFA's position, CNB argues that River Marine, supra, is not controlling; that the cause of action arises in Caddo Parish; and that Caddo Parish is the only proper venue for the action against both LHFA under 13:5104(B), and the class of bondholders under LSA-C.C.P. Art. 593.
Initially, we observe that the venue provisions of 13:5104 are found in Part XV of Chapter 32 of Title 13. The pertinent provisions of 13:5101 explain that Part XV "applies to any suit in contract or for injury to person or property against the state, a state agency, or a political subdivision of the state." Accordingly, we conclude that the venue provisions of 13:5104 were meant to apply to a suit in contract, and that such a suit filed against a political subdivision is proper not only in the judicial district in which the political subdivision is located, but also in the district court having jurisdiction in the parish "in which the cause arises."
In Texaco v. Plaquemines Parish Government, 527 So.2d 1128 (La.App. 1st Cir.1988), Texaco filed an action in East Baton Rouge Parish seeking declaratory judgment regarding rights under a 1928 mineral lease and how those rights would be affected by a determination of ownership of waterbeds under leased premises located in Plaquemines Parish. One of the defendants, Plaquemines Parish government, filed a declinatory exception of improper venue, arguing that proper venue was in Plaquemines Parish pursuant to 13:5104(B). The trial court sustained the exception and transferred the action to Plaquemines Parish.
In affirming the venue decision, the 1st Circuit held that the provisions of 13:5101 make the venue provisions of 13:5104(B) applicable to any suit in contract. The court also held that the action for declaratory judgment fell under 13:5101 and 5104 as a suit in contract.
We agree with the 1st Circuit's reasoning in Texaco, and hold that in the case at bar, CNB's action for declaratory judgment is a suit in contract in which the alternative venues provided by 13:5104(B) are both proper. In so holding, we respectfully disagree with the reasoning in River Marine, supra, in which the appellate court stated:
A declaratory judgment action is only a means of obtaining relief. It is not in and of itself a cause of action but is instead a procedural vehicle which has as its purpose "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations ..." CCP art. 1881.
LSA-R.S. 13:5104(B) does not refer to a "cause of action," but instead only "cause." Furthermore, while we agree that an action (lawsuit), whether seeking a declaratory judgment or a conventional judgment, is distinguishable from the cause or cause of action which gave rise to it, we find this to be a distinction without a difference with respect to a determination of the proper venue.
As noted in the Official Revision Comments to LSA-C.C.P. Art. 1871 addressing declaratory judgments, there is actually no such thing as a declaratory action, even if the sole relief prayed for is a declaratory judgment. The action brought is identical, regardless of whether one seeks a conventional type of judgment which both ascertains or declares the rights of the parties and makes a specific reward of relief, or seeks a declaratory judgment which only ascertains or declares the rights of the *273 parties, and does not make a specific award of relief. Because no distinction is made between actions based upon the type of judgment sought, we see no reason to create such a distinction for purposes of venue under 13:5104(B).
The question remaining concerns the proper interpretation of the phrase "in the parish in which the cause arises" as used in 13:5104(B). The terms "cause" and "cause of action" concern concepts which are difficult to define with precision. See 1990 Comments to LSA-R.S. 13:4231 and Urban Management Corporation v. Shreveport Airport Authority, et al., No. 23,638-CA, 602 So.2d 1055 (La.App. 2nd Cir.1992). Nevertheless, in directing courts to look to the place in which the "cause arises" for venue purposes, we believe the Legislature intended for courts to consider the facts concerning the transaction or occurrence that is the subject matter of the litigation, which, in conjunction with applicable legal provisions, give a party a legal remedy.
In this case the subject matter of the litigation concerns the proper interpretation of a trust indenture (contract), particularly with respect to the authority of the trustee vis-a-vis the rights of the bondholders. In determining what facts are pertinent concerning this contract for purposes of venue, we note that in 1991 the Legislature established special venue provisions for an action on a contract, allowing such an action to be brought in a parish other than the defendant's domicile. Under the provisions of LSA-C.C.P. Art. 76.1, an action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract. Considering these venue provisions in pari materia with those of 13:5104(B), we hold that Caddo Parish is a proper venue in this case because a very substantial portion of the services performed and to be performed by the trustee under the Trust Indenture have been and will be performed in Caddo Parish.
At the hearing on the declinatory exception of venue, Ms. Glenda Young, Vice President and Trust Officer for CNB, testified that the bank did not perform its duties and fulfill its role as indentured trustee in any place other than Caddo Parish, and that the bondholders did not deal with CNB as trustee in any place other than Caddo Parish. Furthermore, we note that the Trust Indenture itself makes references to CNB's physical location in Shreveport, Parish of Caddo. For example, the Trust Indenture states that the principal of all of the bonds shall be payable upon presentation and surrender of bonds at the principal corporate trust office of the trustee. CNB's principal corporate trust office is in Shreveport. The trust indenture also states that funds held in the Issuance Expense Fund shall be invested in the CNB Master Note Fund maintained by CNB in the city of Shreveport, Louisiana.
The general venue provisions of the Code of Civil Procedure allow a balancing of the interests of the plaintiff and the defendant in a contract action by considering both the domicile of the defendant (Art. 42) and pertinent facts concerning the contract (Art. 76.1). We conclude that the Legislature, through the alternative special venue provisions of 13:5104(B), intended to allow the same type of balancing of interests in contract actions in which a political subdivision is a defendant. Certainly, if the Legislature intended otherwise it could have enacted a special statute limiting venue to the domicile of the governmental unit as was done for actions concerning the validity of government bonds like those issued by LHFA. See LSA-R.S. 13:5123 and 13:5125.

CONCLUSION
For the reasons set forth above, we find no error in the trial court's overruling of appellant's declinatory exception of improper venue. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.