hDUFRESNE, Chief Judge.
This is an appeal by the Louisiana Division of Administration, Facility Planning and Control, defendant-appellant, from a judgment sustaining an exception of improper venue and transferring this contract dispute case to the Civil District Court for the Parish of Orleans. For the following reasons, we affirm that judgment.
The facts are straightforward. The project involved in this litigation is a classroom and student services building at an Orleans Parish campus of Delgado Community College. Facility Planning contracted with Ehlinger & Associates, A Professional Corporation, an architectural firm located in Jefferson Parish, to plan and oversee the project. It also contracted with MAPP Construction, Inc., a Baton Rouge company, to do the construction. Ehlinger alleges that MAPP improperly built a staircase and that this problem caused delays and additional work for Ehl-inger valued at over $100,000. It billed the State for this extra work, but Facility Planning refused to pay these invoices. This suit in Jefferson Parish followed.
*646 | ¿This venue issue is controlled by La. R.S. 13:5104A which provides:
All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
Facility Planning brought an exception of improper venue, requesting that the case be transferred to Baton Rouge. It urged in the district court, and re-urges here, that venue is improper in Jefferson Parish because 1) the project was not built there, and 2) its decision not to pay for the extra work was made in Baton Rouge, and therefore that is where the cause of action arose. Ehlinger opposed this exception, arguing that a good deal of the work was done at its office in Jefferson Parish and therefore that is where the cause of action arose. Alternatively, it asserted that because the case arose out of the construction in Orleans Parish, that is also where the cause of action arose.
Facility Planning also filed an exception of nonjoinder of a party under La.Code Civ.Pro., Art 641 and 642. It asserted in this regard that MAPP has filed a later suit against it in Baton Rouge demanding payment for the extra work it did on the staircase and blaming Ehlinger for improperly designing it. It further asserted that the entire dispute should be resolved in one suit because the eventual outcome will be based on a determination of whether MAPP or Ehlinger caused the problem. It argued that because the venue clause in its contract with MAPP provides that all suits arising out of that contract must be brought in Baton Rouge it cannot bring MAPP into the Ehlinger suit in Jefferson or Orleans, and therefore that this suit should either be transferred to Baton Rouge or dismissed.
The trial judge determined that the cause of action arose in Orleans |3Parish, the site of the construction project. He therefore transferred the case to that parish. He further determined that because of this transfer, the exception as to joinder of MAPP was moot. Facility planning now appeals both the transfer to Orleans Parish and the failure of the trial judge to rule on the joinder exception.
As to the venue question, La. R.S. 13:5104A refers to where the “cause of action arises.” In Avenal v. State, 95-836 (La.App. 4th Cir.11/30/95), 668 So.2d 1150, the court noted that this language has caused some confusion among the circuit courts. It nonetheless adopted the general rule that “the place where the operative facts occurred which support plaintiffs entitlement to recovery is where the cause of action arose.” (At 1151) We find this to be a correct analysis of the statute, and apply it here. It is clear that the operative facts supporting plaintiffs claim all occurred at the construction site. Ehlinger alleges that MAPP improperly constructed the stair, thus requiring it to do extra supervision at the site to have the work redone. Athough Facility Planning my well have decided in Baton Rouge that it would not pay for the extra work, that is not germane to the question of where the operative facts supporting the claim arose. We thus hold that the trial judge was correct in ruling that venue was proper in Orleans Parish and transferring the case there.
The second issue concerns the exception as to nonjoinder of MAPP. Again we agree with the action of the trial court. Once he determined that the suit had been filed in an improper venue and transferred it to Orleans Parish, his jurisdiction over other matters at issue ceased. He therefore declined to rule on the join- *647 der exception. We also note that there is thus no definitive appealable judgement on this issue before us, and that that ^exception has simply not yet been ruled on. If Facility Planning wishes to pursue this exception in Orleans Parish they are free to do so.
For the foregoing reasons we affirm the judgment of the trial court which transferred the matter to Orleans Parish. We decline to rule on the exception as to join-der because there is no district court judgment before us either sustaining or denying it.

AFFIRMED.