## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**05-0551**
**CONSOLIDATED WITH**
**CW05-0321**

**JOHN ANDERSON, ET AL.**

**VERSUS**

**THE STATE OF LOUISIANA, KATHLEEN BLANCO AS GOVERNOR, AND THE LOUISIANA STATE LEGISLATURE**

\*\*\*\*\*\*\*\*\*\*

APPEAL AND APPLICATION FOR SUPERVISORY WRITS FROM
THE FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NUMBER 2004-5405
HONORABLE WILFORD CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

**REVERSED AND TRANSFERRED.**

**David G. Sanders**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Litigation Division**
**P. O. Box 94005 Capitol Station**
**Baton Rouge, LA 70804-9005**
**(225) 326-6300**
**COUNSEL FOR DEFENDANTS/APPELLANTS/APPLICANTS:**
     **Governor Kathleen Blanco and the Louisiana State Legislature**


**David L. Hoskins**
**Attorney at Law**
**P. O. Box 1370**
**Lake Charles, LA 70602-1370**

**COUNSEL FOR PLAINTIFFS/APPELLEES/RESPONDENTS:**
John Anderson, Robin LeBlanc, Michael Guillory, Timothy Williams, Ramon LeBlanc, Jason Leger, Carl Richard, Sr., Charlie Myers, and Julian Solomon

PETERS, J.

The issue in this consolidated matter is whether the trial court erred in denying the defendants' declinatory exception of improper venue. Finding merit in the defendants' argument, we reverse the trial court's judgment. Further, pursuant to La.Code Civ.P. art. 121, we transfer this litigation to the Nineteenth Judicial District Court, the court of proper venue, for further proceedings.

## DISCUSSION OF THE RECORD

On September 28, 2004, John Anderson, Michael Guillory, Timothy Williams, Ramon LeBlanc, Robin LeBlanc, Jason Leger, Carl Richard, Sr., Julian Solomon, and Charlie Myers filed a pleading in the Fourteenth Judicial District Court in Calcasieu Parish entitled "CLASS ACTION COMPLAINT." In the pleading, the plaintiffs named Governor Kathleen Blanco (Governor) and the Louisiana State Legislature (Legislature) as defendants and described their action as "a civil rights class action seeking to remedy fundamental defects in the system for providing lawyers to indigent criminal defendants in Calcasieu Parish."

In asserting the basis of the liability of the defendants, the plaintiffs stated the following in their pleadings:

Lack of Oversight or Monitoring

27. Defendants the State of Louisiana and Kathleen Blanco and her predecessors have failed to ensure that indigent criminal defendants in the Fourteenth Judicial District of Calcasieu Parish receive constitutionally mandated assistance of counsel.

28. Defendants the State of Louisiana and Kathleen Blanco and her predecessors have failed properly to monitor or oversee Louisiana's indigent defense system.

29. Specifically, Blanco and her predecessors have failed:
a. to implement a mechanism for monitoring the performance of Louisiana's public defenders;
b. to adopt and enforce criteria for evaluating its public defenders;

c. to establish a constitutionally adequate system for monitoring and overseeing the assignment and reassignment of cases to public defenders;

d. to establish a system to insure that public defenders have the resources to investigate cases, prepare for trials, or communicate with clients in a timely and adequate fashion.

Inadequate Funding

30. Blanco and her predecessors consistently have failed to provide adequate funds to ensure that Louisiana's indigent adult citizens who are accused of crimes receive the constitutionally adequate legal representation to which they are entitled.

31. The Louisiana State Legislature consistently has failed to fund indigent defense adequately. Louisiana's funding of its indigent defense system has not kept pace with the demand for the services.

32. Because the State Legislature has consistently failed to allocate necessary funds, the Named Plaintiffs and Members of the Plaintiff Class have been denied their right to counsel.

Along with a prayer for certification of their action as a class action and for an award of attorney fees, the plaintiffs requested the following relief:

131. A declaration that Defendants are depriving Class members of their rights to the assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 13 of the Louisiana Constitution of 1974 in providing indigent defense services in Calcasieu Parish;

132. The issuance of a permanent injunction requiring the Defendants to provide a Public Defender program in Calcasieu Parish that is consistent with the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 2 and 13 of the Louisiana Constitution of 1974.

The defendants responded to this pleading by filing a declinatory exception of improper venue, which the trial court denied after a hearing. They then timely perfected both a suspensive appeal and an application for supervisory writs, seeking a reversal of the trial court's ruling on the exception. Because the issue in both the appeal and application for supervisory writs is the same, we consolidated both

2

proceedings for consideration by this court.

**OPINION**

The right to assistance of counsel in a criminal proceeding is constitutionally recognized in both federal and state law. United States Constitution Amendment VI provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Additionally, U.S. Const. amend. XIV, § 1 provides in pertinent part that no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Louisiana Constitution Article 1, § 2 provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of law," and La.Const. art. 1, § 13 provides in pertinent part:

> At each stage of the [criminal] proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature *shall* provide for a *uniform system* for securing and compensating qualified counsel for indigents.

(Emphasis added.)

Thus, the Louisiana Constitution mandates that the Legislature, not the Governor, enact legislation to provide indigent defendants with qualified legal counsel.

The Legislature has enacted statutes addressing its constitutional duty with regard to the indigent defense requirement. Louisiana Revised Statutes 15:144 establishes indigent defendant boards in every judicial district of the state, and the statutes that follow that provision not only address the composition, authority, operation, and financing of those local boards, but also establish regional defense service centers with which the local boards can contract for specialized services. With regard to the issue of funding, La.R.S. 15:146(B) provides that each judicial

3

district is authorized to impose a specific amount in court costs on those convicted under certain criminal statutes and ordinances in that judicial district and that the collected court costs be placed in a local indigent defender fund for the financial support of that local board. Further, these funds are in addition to $10,000.00 per year furnished by the State of Louisiana. La.R.S. 15:146(C).

Although the Governor has no constitutional mandate to be involved in the process of providing indigent defender services, the Legislature has involved her office in the process by establishing "in the office of the governor the Indigent Defense Assistance Board" (Board). La.R.S. 15:151(A). With regard to its power, La.R.S. 15:151.2(A) provides:

> The board may provide supplemental funds, when appropriated by the legislature for that purpose, to judicial district indigent defender boards only as authorized herein for the purposes of complying with the requirements of the Constitution of Louisiana and the Constitution of the United States of America and specific statutory provisions affording the right to counsel to indigent defendants in criminal cases.

Equally pertinent to this litigation, La.R.S. 15:151.2(D) provides that "[t]he board shall adopt rules for providing supplemental assistance to the judicial district indigent defender boards" and that those rules are to include guidelines to establish the conditions under which indigent defender boards will be eligible for supplemental assistance. Having been given oversight authority for supplemental assistance to local boards, the Board is also required to report its activities to the Legislature annually. La.R.S. 15:151.3.

The question before is not whether the plaintiffs' claims have merit, but whether venue is proper in Calcasieu Parish. Both the plaintiffs and the defendants agree that venue should be determined under La.R.S. 13:5104(A), which provides that "[a]ll suits filed against the state of Louisiana or any state agency may be

4

instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises."

The defendants assert that, because the state capitol is located in East Baton Rouge Parish and because the cause of action arose in that parish, the exception of venue should have been granted. The plaintiffs do not dispute that both the Governor and the Legislature are domiciled in East Baton Rouge Parish, but assert that the cause of action arose in Calcasieu Parish, not in East Baton Rouge Parish. Thus, the plaintiffs argue, venue is proper in either East Baton Rouge Parish or Calcasieu Parish. Therefore, the situs of the cause of action involved in this litigation is determinative of the venue issue.

With regard to the question of what constitutes the situs of a cause of action, the court in *Avenal v. State, Department of Natural Resources*, 95-836, 95-2421, pp. 2-3 (La.App. 4 Cir. 11/30/95), 668 So.2d 1150, 1151, *writ denied*, 96-198 (La. 1/26/96), 667 So.2d 524, stated:

> The term "cause of action" in [La.R.S. 13:5104(A)] has been the source of much consternation among the circuits and has eluded a precise definition. See, e.g. *Commercial Nat. Bank v. First Nat. Bank*, 603 So.2d 270 (La.App. 2nd Cir. 1992), *writ denied*, 605 So.2d 1151 (La.1992); *V.C. Nora, Jr. Bldg. and Remodeling v. State*, 93-1469 (La.App. 3rd Cir. 3/30/94), 635 So.2d 466; and *Abshire v. State, through Dept. Of Ins.*, [93-923 (La.App. 3 Cir. 4/6/94), 636 So.2d 627, *writ denied*, 94-1213 (La. 6/24/94), 640 So.2d 1332]. Despite the definitional uncertainty, for purposes of applying the above cited statute, we conclude that the place where the operative facts occurred which support plaintiffs' entitlement to recovery is where their cause of action arose.

In arguing that Calcasieu Parish is the place where the operative facts arose in this litigation, the plaintiffs rely on our decisions in *V. C. Nora, Jr. Building & Remodeling, Inc. v. State, through Department of Transportation & Development*, 93-

5

1469 (La.App. 3 Cir. 3/30/94), 635 So.2d 466, and *Guaranty Bank of Mamou v. State, through Office of Student Financial Assistance*, 96-196 (La.App. 3 Cir. 7/17/96), 677 So.2d 1109, as well as the fifth circuit's decision in *Ehlinger & Associates v. State, through Division of Administration, Department of Facility Planning & Control*, 01-52 (La.App. 5 Cir. 5/30/01), 788 So.2d 644.

In *V. C. Nora*, the Louisiana Department of Transportation and Development (DOTD) had solicited bids for two construction projects in Natchitoches Parish. The plaintiff mailed its bid to DOTD's Baton Rouge office. DOTD rejected the plaintiff's bid as being submitted untimely, and the plaintiff filed suit in Natchitoches Parish, seeking to enjoin DOTD from accepting the bid of a competitor. The matter was tried in Natchitoches Parish, and, on appeal, one of the issues argued by DOTD was that the trial court erred in rejecting its exception of improper venue as La.R.S. 13:5104(A) established East Baton Rouge Parish as the only appropriate venue. In rejecting this argument, this court followed the rationale expressed in *Commercial National Bank in Shreveport v. First National Bank of Fairfield, Texas*, 603 So.2d 270 (La.App. 2 Cir.), *writ denied*, 605 So.2d 1151 (La.1992)*, and in doing so, stated:

> In *Commercial Nat. Bank*, the court was faced with a venue issue when a Shreveport bank sued the Louisiana Housing Finance Agency (LHFA) over a trust agreement in which the bank was trustee. At trial, the bank had successfully defended venue in Caddo Parish. On appeal, LHFA asserted that under 13:5104, East Baton Rouge Parish was the only proper venue. The Second Circuit interpreted 13:5104 by reading that provision *in pari materia* with the Code of Civil Procedure article controlling venue in contract actions, LSA-C.C.P. Art. 76.1. This article provides not only for the traditional venue of "where the contract was executed", but includes the more modern concept of venue where any work "was performed or was to be performed". Thus the Second Circuit found venue was proper in Caddo Parish as well as in East Baton Rouge Parish. We believe this is the most logical way to give definite parameters to the nebulous term cause of action.

*V. C. Nora*, 635 So.2d at 469 (footnote omitted).

6

This court went on to conclude that, "[u]nder this interpretation, there is no question that venue is proper in Natchitoches Parish since this is the parish where the work was to be performed." *Id.*

In *Guaranty Bank of Mamou*, the bank brought suit in Evangeline Parish against the State of Louisiana, through the Office of Student Financial Assistance (OSFA), for its failure to honor its contract of guaranty on defaulted student loans made by the bank pursuant to the guaranty. OSFA excepted to the venue based on La.Code Civ.P. art. 42, the general venue provision, and under La.R.S. 13: 5104(A), contending that both its domicile and the situs of the cause of action were East Baton Rouge Parish. The trial court rejected the exception. We affirmed and, in doing so, stated the following:

> Thus, OSFA's argument that venue would only be proper, under La.Code Civ.P. art. 42, in the parish of its domicile, East Baton Rouge Parish, is incorrect. Venue would also be proper, under La.Code Civ.P. art. 76.1, in the parish where the contract of guaranty was executed, or the parish where any work or service was performed or was to be performed under the terms of the contract.
> Venue, in this instance, would be proper in either Evangeline Parish or East Baton Rouge Parish, since the contract was executed in both parishes. Smith, the vice-president of Guaranty Bank, signed the "Basic Agreement to Guaranty Loans" in Evangeline Parish and then sent the agreement to Baton Rouge, where it was signed by the executive director for the Governor's Special Commission on Education Services.

*Guaranty Bank of Mamou*, 677 So.2d at 1111-12.

After revisiting our decision in *V.C. Nora*, and considering the application of La.R.S. 13:5104(A), this court further concluded:

> [V]enue in a suit against OSFA based on a contract of guaranty would be proper in the parish where the State Capitol is located, East Baton Rouge Parish; the parish where the contract was executed, Evangeline and East Baton Rouge Parishes; and the parish where any work or service was performed or was to be performed under the contract. Thus, Evangeline Parish is a proper venue since work or services performed

7

or to be performed under the contract occurred or would occur there. *Id.* at 1112.

The *Ehlinger* case involved a dispute between a Jefferson Parish architectural firm and the Louisiana Division of Administration. The architectural firm filed a suit in Jefferson Parish against the Division of Administration, which is domiciled in East Baton Rouge Parish, to recover the cost of additional work it had performed on a project in Orleans Parish. The trial court transferred the litigation to Orleans Parish, and the Division of Administration appealed, asserting that, because the decision not to pay for the extra work was made in East Baton Rouge Parish, it was the only parish of proper venue under La.R.S. 13:5104(A). Relying on the decision in *Avenal*, 668 So.2d 1150, the court stated:

> It is clear that the operative facts supporting plaintiff's claim all occurred at the construction site. Ehlinger alleges that MAPP improperly constructed the stair, thus requiring it to do extra supervision at the site to have the work redone. Although Facility Planning my [sic] well have decided in Baton Rouge that it would not pay for the extra work, that is not germane to the question of where the operative facts supporting the claim arose. We thus hold that the trial judge was correct in ruling that venue was proper in Orleans Parish and transferring the case there.

*Ehlinger*, 788 So.2d at 646.

In support of its position that East Baton Rouge Parish is the only parish of proper venue, the defendants refer this court to its decision in *Abshire v. State, through Department of Insurance*, 93-923 (La.App. 3 Cir. 4/6/94), 636 So.2d 627, *writ denied*, 94-1213 (La. 6/24/94), 640 So.2d 1332, and to the first circuit's decision in *Foster v. Board of Elementary & Secondary Education*, 428 So.2d 890 (La.App. 1 Cir. 1983).

In *Abshire*, policyholders, annuity holders, and shareholders of certain

8

affiliated insurers who sustained losses when the insurers became insolvent brought

suit in Rapides Parish against the Louisiana Department of Insurance and the

Louisiana Office of Financial Institutions, alleging gross negligence, incompetence,

mismanagement and fraud for their part in the collapse of the insurers. In finding that

the trial court erred in not granting the state agencies' exception of improper venue,

this court stated:

> We are mindful that LSA-R.S. 13:5104 A provides that venue would be proper either in Baton Rouge or in the parish where the cause of action arose; however, we conclude that when it is their ministerial actions that are called into question, Baton Rouge offers the only appropriate forum. The language and intendment of LSA-R.S. 13:5104 A permits of no other interpretation. Although LSA-R.S. 1[3]:5104 A nominally provides for some choice of venue, the facts of this case effectively rules [sic] out venue anywhere besides the Parish of East Baton Rouge.
>
> State entities frequently may be sued in parishes other than that of the domicile of their headquarters, but the language contained in LSA-R.S. 13:5104 A would render exceptionally rare the circumstances under which a state entity who opposes litigation away from home might be required to litigate issues of great import statewide, as opposed to causes of action whose immediate consequences merely reverberate locally. See, e.g., *Ferrington v. Van Sickle*, 545 So.2d 719 (La.App. 2d Cir.1989); *Wall v. American Employers Insurance Co.*, 250 So.2d 172 (La.App. 1st Cir.1971). See also *DeVillier v. State*, 590 So.2d 1184 (La.1991) (Parties challenging constitutionality of statute and seeking to enjoin its enforcement in St. Martin Parish required to be brought in East Baton Rouge Parish). "Causes of action" arising from ministerial actions or inactions seldom arise anywhere but in the district court in which the state capitol is located. *Demolle v. Dept. Of Wildlife & Fisheries*, 580 So.2d 1083, 1084 (La.App. [4] Cir.), writ denied, 586 So.2d 534 (La.1991).

*Abshire*, 636 So.2d at 629-30.

This court has followed the rationale in *Abshire* where the relief requested involved

forcing a state agency to perform its ministerial duties. *See Cameron Parish Police*

*Jury v. McKeithen*, 02-1202 (La.App. 3 Cir. 10/14/02), 827 So.2d 666, *writs denied*,

02-2547, 02-2548 (La. 10/23/02), 827 So.2d 1148, 1149.

The *Foster* case involved a situation wherein the plaintiff served as a principal

9

in a St. Tammany Parish school and the Louisiana Board of Elementary and Secondary Education (BESE Board) ordered him transferred to another school within the parish. He brought suit in St. Tammany Parish against the BESE Board, seeking to enjoin it from transferring him. After the trial court dismissed the suit as having been filed in a parish of improper venue, he appealed the dismissal. Although the first circuit concluded that East Baton Rouge Parish was the parish of proper venue for the suit against the BESE Board, we do not find that the decision favors the defendants' position in the matter now before us. The first circuit's decision was based on the application of La.Code Civ.P. arts. 42(2) and 74, and not La.R.S. 13:5104(A).

We note that in all three of the decisions relied upon by the plaintiffs, the relief being sought was based in contract. However, in both the *Abshire* and *Cameron Parish Police Jury* cases, the relief being requested involved ministerial duties. Specifically, in the *Cameron Parish Police Jury* case, mandamus relief was being sought. Louisiana Code of Civil Procedure Article 3861 provides that "[m]andamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864." Louisiana Code of Civil Procedure Article 3863 provides in pertinent part that "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law."

As previously stated, the plaintiffs have requested a judgment issuing a permanent injunction requiring the defendants "to provide a Public Defender program in Calcasieu Parish that is consistent with the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 2 and 13 of the Louisiana Constitution of 1974." Thus, regardless of the terminology used, the plaintiffs are in

effect requesting that the Legislature be ordered to do that which it is mandated to do by both the federal and state constitutions and that the Governor be ordered to do that which she is mandated to do by statute, *i.e.*, provide indigent defendants in criminal matters with constitutionally adequate assistance of counsel. As such, the action before us is one in mandamus. Whether or not mandamus will lie on the merits is not currently before us.

Moreover, as stated in *Abshire*, 636 So.2d at 629-30, "LSA-R.S. 13:5104 A would render exceptionally rare the circumstances under which a state entity who opposes litigation away from home might be required to litigate issues of great import statewide, as opposed to causes of action whose immediate consequences merely reverberate locally." Clearly, the cause of action in the instant case does not involve consequences that merely reverberate locally, as the plaintiffs in the instant case do not contend that Calcasieu Parish indigent defendants are receiving disparate treatment in the administration and funding of the Louisiana indigent defender system. Rather, because the plaintiffs are challenging the administration and funding of the Louisiana indigent defender system in general, although the class they seek to certify involves Calcasieu Parish indigent defendants only, the issue is of great import statewide. Thus, we find further support for venue being proper in East Baton Rouge Parish.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's judgment and transfer this litigation to the Nineteenth Judicial District Court, the court of proper venue, for further proceedings. We assess costs to the plaintiffs to the extent allowed by law.

**REVERSED AND TRANSFERRED.**