580 So.2d 1083 (1991)
Lester DEMOLLE, Kuzma Petrovich and John A. Tesvich
v.
LOUISIANA DEPARTMENT OF WILDLIFE & FISHERIES, Louisiana Wildlife & Fisheries Commission, Virginia Van Sickle and Dr. Jerry Clerk.
No. 90-CA-2121.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
William J. Guste, Jr., Atty. Gen., Gary L. Keyser, David Charles Kimmel, Robert H. Carpenter, Asst. Attys. Gen., Baton Rouge, for appellants.
Leon A. Gary, Jr., Davis B. Allgood, Gary, Field and Landry, Baton Rouge, for appellants.
Risley C. Triche, Risley C. Triche & Associates, Napoleonville, and Philip F. Cossich, Jr., Joyce M. Cossich, Pivach, Cossich & Pivach, Belle Chasse, for appellees.
Before BYRNES, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
This is an appeal from the trial court's denial of defendants' exception of improper venue. Although this appeal is from an interlocutory judgment, and the usual means of review would have been by way of supervisory writs, it has been held that irreparable injury occurs from such a ruling and we will therefore consider the merits of this appeal. La.C.C.P. art. 2083; Lapeyrouse v. United Services Auto. Assn., 503 So.2d 627 (La.App. 4th Cir.1987).
Plaintiffs, the holders of certain oyster leases on state water bottoms located in Plaquemines Parish, instituted this action in Plaquemines Parish seeking a declaratory judgment concerning the construction and validity of their lease contracts. Named as defendants were Louisiana Department *1084 of Wildlife and Fisheries, ("Department") Louisiana Wildlife and Fisheries Commission, ("Commission"), Virginia Van Sickle, the Department's Secretary and Dr. Jerry Clark, the Department's Assistant Secretary. Plaintiffs allege in their petition that certain actions by the defendants place their leases in controversy, and that they are entitled to a declaration as to the validity of these leases.
Defendants filed a declinatory exception of improper venue, contending the action should have been brought in East Baton Rouge Parish, the place of defendants' domicile. The trial court denied defendants' exceptions, and defendants now appeal, arguing that the trial court erred in denying the exception of improper venue. We reverse and render judgment sustaining the exception and ordering the action transferred to East Baton Rouge Parish.
The pertinent statutory provision regarding suits against the Commission is La.R.S. 56:7 which provides:
Domicile of commission; service of process, suits; parties
A. (1) The domicile of the Louisiana Wildlife and Fisheries Commission is and shall be in Baton Rouge, Louisiana. However, the Seafood Division, within the Department of Wildlife and Fisheries, shall remain located in the city of New Orleans.
(2) Service of citation and other process directed to the commission shall be made by handing the citation or other process to the secretary of the Louisiana Department of Wildlife and Fisheries. All suits in its behalf shall be brought in the name of The Louisiana Wildlife and Fisheries Commission.
B. Any person in interest who feels aggrieved by any rule or regulation adopted by the Louisiana Wildlife and Fisheries Commission may test its legality in a court of competent jurisdiction at the domicile of the commission.
Further, the domicile of the Department of Wildlife and Fisheries, its Secretary and Assistant Secretary in their official capacities, is East Baton Rouge Parish. La.R.S. 36:602(A); Ferrington v. Van Sickle, 545 So.2d 719 (La.App. 2d Cir.1989).
In support of their position that venue is proper in Plaquemines Parish, plaintiffs argue that La.R.S. 13:5104(A) and La.C.C.P. art. 80(A)(1) are applicable to their suit. We disagree.
La.R.S. 13:5104(A) is the general venue statute for suits brought against the State. It provides:
All suits filed against the State of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
We find that La.R.S. 56:7 is the specific statute which controls suits against the Commission, and La.R.S. 36:602 governs suits against the Department. These specific statutes supercede the general venue statute, and La.R.S. 13:5104 is not applicable to this case.
Moreover, even if La.R.S. 13:5104(A) does apply, which we find not to be the case, we nevertheless conclude that venue is proper in East Baton Rouge Parish under this statute. Plaintiffs argue that their cause of action arose in Plaquemines Parish, the location of their leased property. However, plaintiffs state in their petition that the controversy over their lease contract arose following several acts of defendants, including the notification by defendants of a legal challenge to the validity of the lease, substantive changes made by defendants in the lease forms, defendants' institution of a moratorium on new leases, statements made by defendants to plaintiffs that their leases would not be honored, defendants' failure to use dedicated funds for oyster seed grounds, and defendants' refusal to protect private oyster bedding grounds. We find that each of these actions of defendants which form the basis of plaintiffs claims arose out of the official administrative functions of these state agencies to regulate all oyster leases. Such actions do not give rise to a cause of action in Plaquemines Parish merely because the plaintiffs' leases will be affected *1085 by the Department's revised policies concerning their lease contracts. We conclude that under the provisions of 13:5104(A), venue is proper in the parish of East Baton Rouge.
Plaintiffs next argue that venue is proper in Plaquemines Parish pursuant to La.C.C.P. art. 80(A)(1) which provides:
Article 80. Action involving immovable property
A. The following actions may be brought in the parish where the immovable property is situated; ...:
(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property ...
As we have previously stated, we find that this article, which is an exception to the general venue article, is superceded by the specific statutes which govern suits against the Commission, the Department and its officers. La.R.S. 56:7 and R.S. 36:602 dictate that such suits are to be brought in the domicile of the Commission, East Baton Rouge Parish. In any event, we find that La.C.C.P. art. 80(A)(1) is inapplicable to the case before us.
Plaintiffs contend that their interest in their lease of oyster beds on state water bottoms is an interest in or a right in or to immovable property. They argue that venue for this suit which was brought as a result of a challenge to their lease on immovable property is therefore proper in the parish where the immovable property is situated.
Plaintiffs cite Roussel v. Noe, 274 So.2d 205 (La.App. 1st Cir.1973) in support of their position that their leases give them an interest in or right in or to immovable property. The court in that case held that plaintiff's lawsuit was properly instituted in the parish where the immovable property was located based on La.C.C.P. art. 80. However, Roussel concerned an interest in a mineral lease which now, by law, confers a real right in immovable property. La. R.S. 33:16. In the present case, no such interest in an immovable exists by virtue of plaintiffs' oyster leases, and we find that the Roussel case is easily distinguished and has no application except to mineral leases.
In seeking a declaration of the validity of their oyster leases, plaintiffs as lessees are asserting a personal contractual action against the state as lessor. The cause of action asserted by plaintiffs cannot be construed as an action that asserts either an interest or a right in, to or against immovable property. Plaintiffs' argument is without merit.
We conclude that the proper venue for plaintiffs' suit for declaratory judgment against the Louisiana Wildlife and Fisheries Commission, the Louisiana Department of Wildlife & Fisheries, its secretary and assistant secretary for a declaration of the validity of oyster lease contracts is in the parish of defendants' official domicile, East Baton Rouge Parish. The trial court's finding to the contrary is manifestly erroneous.
Accordingly, the trial court's overruling of defendants' exception of venue is reversed and the exception is sustained. The clerk of the trial court is hereby ordered to transfer the action to the 19th Judicial District Court, East Baton Rouge Parish.
REVERSED AND RENDERED.