648 So.2d 1078 (1994)
STATE of Louisiana DEPARTMENT OF WILDLIFE AND FISHERIES
v.
Earl Thomas VANACOR.
No. 94-CA-689.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 1994.
Victor E. Bradley, Jr., Norco, for defendant-appellee.
T. Michael Landrum, Deputy Gen. Counsel, Louisiana Dept. of Wildlife and Fisheries, Baton Rouge, for plaintiff-appellant.
Before BOWES, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
The Louisiana Department of Wildlife and Fisheries is before this Court contending that its exceptions in the 29th Judicial District Court were erroneously overruled. We agree.
This case in district court, State v. Vanacor, charges the defendant with catching and/or possessing undersized catfish, a violation of LSA-R.S. 56:526(7)(b). The defendant asked for and received a TRO enjoining the department from enforcing the small catfish statute.
The department's exceptions allege (1) that it must be sued in Baton Rouge and (2) that the actions, i.e., the criminal proceeding against the fisherman and the proposed proceeding against the department, are illegally joined.
LSA-R.S. 56:7 says that the domicile of the Wildlife and Fisheries Commission "... is and shall be in Baton Rouge, Louisiana." Section (B) of the statute very clearly states:
"Any person in interest who feels aggrieved by any rule or regulation adopted by the Louisiana Wildlife and Fisheries Commission may test its legality in a court of competent jurisdiction at the domicile of the commission."
In Demolle v. Dept. of Wildlife and Fisheries, 580 So.2d 1083 (La.App. 4 Cir.1991), writs denied by the Supreme Court of Louisiana at 586 So.2d 534 (La.1991), it was held that the specific statutes which control suits against the department supersede general venue statutes. Accordingly, although this alleged cause of action by oyster fishermen arose in Plaquemines Parish, the department had to be sued in Baton Rouge.
*1079 Further, a civil suit challenging a departmental regulation regarding the legal size of catfish cannot be combined with a criminal case against a person charged with disregarding the regulation. We are unaware of any statute or jurisprudence allowing either the department to be sued other than in Baton Rouge or the joining of civil and criminal cases in one district court proceeding.
For these reasons, we reverse the August 2, 1994 district court judgment overruling the department's exceptions. The district court may, in the interest of justice and in line with LSA-C.C.P. art. 932, transfer the cause of action against the department to the court of proper jurisdiction. We remand to the district court for such transfer, if deemed appropriate.
REVERSED AND REMANDED FOR POSSIBLE TRANSFER.