676 So.2d 600 (1996)
Mitchell B. JURISICH, Sr. and Prince Charming, Inc.
v.
The SEAFOOD DIVISION OF the LOUISIANA DEPARTMENT OF WILDLIFE AND FISHERIES and Anthony Kipp Marquize.
No. 95-CA-2049.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1996.
*601 Kevin D. Conner, Belle Chasse, for Defendant/Appellant, Anthony Kipp Marquize.
Richard P. Ieyoub, Attorney General, M. Chadwick Pellerin, Assistant Attorney General, State of Louisiana Department of Justice, New Orleans, for Defendant/Appellant, The Seafood Division of the Department of Wildlife and Fisheries.
Before LOBRANO, PLOTKIN and MURRAY, JJ.
MURRAY, Judge.
The Seafood Division of the Department of Wildlife and Fisheries (the Department) and Anthony Kipp Marquize appeal the trial court's denial of their exception of improper venue.
On August 9, 1994, Mitchell Jurisich filed a "Petition For Mandate and For Damages" against the Department and Anthony Kipp Marquize in Orleans Parish. Mr. Jurisich alleged that his oyster beds, located in Plaquemines Parish, were damaged by Mr. Marquize's boat and by the Department's failure to implement a protection plan to avoid such damage.
Both defendants filed a number of exceptions, including exceptions of improper venue. On February 14, 1995, judgment was signed dismissing the Department's exceptions of improper venue, insufficiency of service, lack of subject matter jurisdiction, unauthorized use of summary proceedings, and non-joinder of an indispensable party. The Department's exception of no cause of action was deferred pending discovery and presentation of evidence. The judgment also dismissed Mr. Marquize's exceptions of improper venue, improper cumulation of actions and improper joinder of parties. Both defendants appealed.
The Louisiana Wildlife and Fisheries Commission (the Commission) was created and established in the executive branch of the State to supervise and control the protection, conservation and replenishment of the natural resources and the wildlife of the state, including all aquatic life. La.Rev.Stat. § 56:1(A). The Commission is a policy making and budgetary control board, with no administrative functions, and has the sole authority to establish definite management programs and policies. La.Rev.Stat. § 56:2.
Louisiana Revised Statute § 36:602 created the Department, which controls and supervises all wildlife of the state and executes the laws enacted for the control and supervision of programs relating to the management, protection, conservation, and replenishment of wildlife, fish, and aquatic life in the state, and the regulations of the shipping of wildlife, fish, furs, and skins. Within the Department is the Seafood Division.
The Department and Marquize argue that Orleans Parish is not a proper venue for this suit because the special venue rules for suits against the Department and the Commission establish venue in East Baton Rouge Parish. Mr. Marquize argues that Orleans Parish would not be a proper venue for this suit even if the Department were dismissed as a defendant, since he is domiciled in Plaquemines Parish and the damage was sustained there.
The general venue rules provide that an individual domiciled in the state shall be sued in the parish of his domicile. La.Code Civ. Proc. art. 42. However, an action on an offense or quasi offense may be brought in the parish where the wrongful act occurred or in the parish where the damages were sustained. La.Code Civ.Proc. art. 74.
The general venue rule for actions against the State is contained in La.Rev.Stat. § 13:5104(A) which provides that:
All suits filed against the State of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises. *602 Louisiana Revised Statute § 56:7(A)(1) establishes the domicile of the Commission as Baton Rouge. Service of process of suits against the Commission will be made on the Secretary of the Department. La.Rev.Stat. § 56:7(A)(2). Louisiana Revised Statute § 56:7(B) establishes that the proper venue for suits against the Commission is East Baton Rouge Parish. Louisiana Revised Statute § 36:602(A) creates the Department with the power to sue and be sued, and establishes its domicile as Baton Rouge.
Specific statutes controlling suits against the Commission and the Department, La.Rev.Stat. § 56:7 and § 36:602 respectively, supersede the general venue statute of § 13:5104 for suits against those agencies. State Dept. of Wildlife & Fisheries v. Vanacor, 94-689 (La.App. 5th Cir. 12/28/94), 648 So.2d 1078; Demolle v. Louisiana Dept. of Wildlife & Fisheries, 580 So.2d 1083 (La. App. 4th Cir.1991). Thus suits against the Commission and the Department must be brought in East Baton Rouge Parish.
Mr. Jurisich has not filed a brief in response to the briefs filed by the Department and Mr. Marquize. However, he opposed the exceptions in the trial court, contending that La.Rev.Stat. § 36:602(A) creates a separate domicile for the Seafood Division because it provides that the Seafood Division within the Department shall remain located in New Orleans. He argues that the statute, therefore, provides venue for suits against the Seafood Division in Orleans Parish.
The statutes creating the Commission and the Department clearly specify that the domicile of each is Baton Rouge. Louisiana Revised Statute § 56:7(B) provides only one venue for suits by those who are "aggrieved by any rule or regulation" adopted by the Commission: a court of competent jurisdiction in the domicile of the Commission. The fact that a division within the Department is "located" in another parish does not alter that. Had the legislature intended for the Seafood Division to be subject to suit in another venue it could have so provided. It did not.
Orleans Parish is not a proper venue for the action filed by Mr. Jurisich. We therefore reverse the trial court judgment which denied defendants' exception of improper venue, grant that exception and remand to the trial court for transfer to the 19th Judicial District Court in East Baton Rouge Parish. We vacate the trial court judgment which denied defendants other exceptions and remand those for further consideration after transfer to the 19th Judicial District.
REVERSED AND REMANDED IN PART; VACATED IN PART.