MOORE, J.
1 ,The State of Louisiana Department of Transportation and Development (“DOTD”) seeks supervisory review of a judgment denying its exception of improper venue. We grant the writ, make it peremptory, sustain the exception and remand the case with instructions.

Procedural Background

Sherree Freeman alleged that she was injured in Franklin Parish when a rig driven by Jimmy Bumbalough forced her off the paved surface of Hwy. 4 and into an embankment. She filed the instant suit in her own domicile, Caldwell Parish, against Bumbalough (domiciled in Union Parish), his employer, James Construction (Lincoln Parish), and James’s insurer, Zurich (out of state). No defendant objected to venue. After initially denying all liability, the defendants filed an amended answer alleging the fault of DOTD for a defective roadway; *1034 they did not, however, join DOTD as a defendant.
Ms. Freeman, however, did so. First, she filed a petition of intervention on behalf of her minor child, Braydon, who was riding with her when the accident happened, naming the three original defendants plus DOTD (East Baton Rouge Parish) and, in an oblique admission of comparative fault, herself (Caldwell Parish). The next day, she amended her original petition to join DOTD as defendant for her own injuries.
DOTD filed a declinatory exception of improper venue, urging that under La. R.S. 13:5104 A, the only proper venue was East Baton Rouge or “the district court having jurisdiction in the parish in which the cause of action arises,” Franklin. The statute provides, in pertinent part and with 12emphasis added:
§ 5104. Venue
A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
DOTD cited the recent case of Colvin v. Louisiana Patient’s Comp. Fund Oversight Bd., 2006-1104 (La.1/17/07), 947 So.2d 15, which held that “suits against the state or state agencies are not governed by the general venue provisions and exceptions” of La. C.C.P. arts. 42 and 71-85, but by R.S. 13:5104, unless a more specific provision can be found. It also contended that although R.S. 13:5104 A contains the permissive may, an unreported First Circuit case had recently held that both Subsections A and B created mandatory venue. Kellup v. Carter-Bristol, 2007-1067 (La.App. 1 Cir. 6/6/08), 986 So.2d 257 (table), writ denied, 2008-1502 (La.10/31/08), 994 So.2d 536.
Ms. Freeman opposed the exception. She conceded that the accident happened in Franklin, but argued (1) DOTD is an indispensable party to the ongoing proceedings in Caldwell Parish, (2) the trial court has discretion to allow an action against two political subdivisions to proceed in a parish with venue proper to one of them (Underwood v. Lane Memorial Hosp., 97-1997 (La.7/8/98), 714 So.2d 715), and (3) all the original defendants allowed her to file suit in Caldwell. She argued that judicial economy would be better served by letting the case continue in Caldwell, but if venue were found to be improper, she would agree to transfer the case to Franklin.
On behalf of Braydon, Ms. Freeman reiterated all these points and added that Braydon’s cause of action was the intervention filed in Caldwell Parish; hence, the cause of action arose in Caldwell. At a hearing in December 2008, she further argued that Subsection A, governing venue for suits against state agencies, uses the permissive may, while Subsection B, governing venue for suits against political subdivisions, uses shall; from this distinction she urged that suit against DOTD, a state agency, may be filed in East Baton Rouge, Franklin, or any other parish in which the cause of action arose. “As far as the intervenor is concerned, the cause of action arose in Caldwell Parish, where the suit *1035 was pending.” Finally, she contended that moving this complex case to Franklin Parish would entail “unnecessary expense.”
DOTD responded that Underwood did not apply because it involved multiple political subdivisions, a fact not present in this case, and “the cause of action arose in the place where all this stuff happened.”
The district court ruled from the bench that shall in Subsection B is more restrictive than may in Subsection A, that Underwood provided “a way out of this,” and DOTD could not be any more prejudiced by standing trial in Caldwell than in Franklin Parish. The court denied the “motion to change venue.”
|4DOTD filed the instant application, which this court granted to docket on February 9, 2009.
After DOTD applied for writs, Ms. Freeman settled her claims against Bumba-lough, James Construction and Zurich, specifically reserving all rights against DOTD. Simultaneously, she dismissed her son’s claims against all defendants. As a result, the only remaining plaintiff is Ms. Freeman, and the only remaining defendant is DOTD, to litigate a Franklin Parish strict liability claim in Caldwell Parish, Ms. Freeman’s domicile.

Discussion

In brief to this court, DOTD again quotes Colvin’s holding that suits against the state or state agencies are not governed by the general venue provisions but by R.S. 13:5104 A. It contends that Ms. Freeman’s intervention was an incidental action under La. C.C.P. art. 1034, not a cause of action. It suggests that “judicial economy” does not equate with “the interest of justice.” Burleigh v. State Farm, 469 So.2d 270 (La.App. 3 Cir.), writ denied, 474 So.2d 1305 (1985). Finally, it reiterates that Underwood does not apply because the defendants therein were political subdivisions governed by Subsection B. DOTD concludes that this suit may be heard only in East Baton Rouge or Franklin Parish.
Ms. Freeman responds that venue rules are “less designed to provide protection for the defendant, who has no constitutional right to be tried in a particular forum, and more designed to allocate eases among parishes with an interest in the proceeding so as to provide for efficient disposition of caseloads.” Colvin, supra at p. 4, 947 So.2d at 18, quoting Underwood, 714 So.2d at 717. She concedes that Underwood involved two different parishes, thus implicating R.S. 13:5104 B, but that the same rationale should apply to Subsection A. She urges that a plain reading of Subsection A does not clearly “make venue for suits against the state in one of two parishes.” She suggests that DOTD could not possibly be inconvenienced by standing trial in Caldwell Parish. Finally, she asserts that Burleigh is inapplicable, as it involved a motion for new trial.
A large portion of Colvin is a close analysis of the may/shall issue in R.S. 13:5104. Because it completely refutes the district court’s holding, as well as Ms. Freeman’s position in brief, we quote it at some length:
The issue before us is whether, by using the phrase “may,” the legislature intended the general provisions and exceptions found in La. C.C.P. arts. 42 and 71-85 to apply, or whether the legislature intended that suit “may” be filed in Baton Rouge or the parish where the cause of action arose but no other, or whether the legislature used the term “may” in recognition that there are any other venue statutes applicable to state agencies that may also apply. * ⅜ *
As this Court has recognized, “[i]n the context of venue, the permissive ‘may’ and the mandatory ‘shall’ have often *1036 been interchanged.” Underwood, supra at 717. “Indeed, Article 42, the general venue statute, employs the word “shall” to define the general venue for different types of defendants, yet is subject to the numerous statutory exceptions.” Id. * * * Thus, in spite of the rule in La. R.S. l:f that “may" is permissive, that is clearly not always the case when it comes to venue statutes, which makes sense when we recognize that venue is basically a convenience factor as opposed to a jurisdictional factor, giving consideration to a particular action and the particular parties. Indeed, when multiple parties are involved, venue may be “mandatory” in a different court for each defendant, yet that does not mean that the case will not be ultimately heard in a court that is proper for one party but not the others under the concept of ancillary venue. * ⅜ ⅜
In addition, as the above rules indicate, a statute should not be interpreted in a manner which would make it | ¿meaningless if a construction giving force to all words can legitimately be found. In this case, if we were to interpret La. R.S. 13:510i(A) as a permissive statute such that all other general venue statutes and exceptions were also applicable, the entire statute would be meaningless.
Id., at p. 6-11, 947 So.2d 19-22 (internal citations omitted, emphasis added).
In short, the district court erred in holding that under R.S. 13:5104 A, venue for this suit against DOTD was proper either in East Baton Rouge, Franklin, or any other parish (including Caldwell) under the general venue provisions of the Code of Civil Procedure. Even though Subsection A uses the permissive may, it clearly restricts this kind of suit to East Baton Rouge or the parish in which the cause of action arose. Ms. Freeman’s argument to the contrary is without merit. The writ will be granted and made peremptory.
Ms. Freeman also argues that the three original defendants, Bumbalough, James Construction and Zurich, failed to object to improper venue, thus waiving the issue and making venue proper in Caldwell Parish; a literal application of R.S. 13:5104 would require a separate action against DOTD in Franklin; this situation might yield inconsistent judgments, and would be an obvious waste of judicial economy. On this record, however, Ms. Freeman has dismissed her claims against the three original defendants, as well as all her son’s claims. In effect, the suit is now Ms. Freeman against DOTD, with venue dictated by R.S. 13:5104 A. There is no possibility of inconsistent judgments or a multiplicity of proceedings. This argument lacks merit.
17Finally, because Ms. Freeman has settled her son’s claims, we decline to address the argument, raised on his behalf in the district court, that his cause of action was the intervention filed in Caldwell rather than the accident in Franklin. We would only note that she advanced no authority for this theory, and it finds no support in Colvin: “ ‘[T]he place where the operative facts occurred which support plaintiff’s entitlement to recovery is where the cause of action arises’ for venue purposes under R.S. 13:5104 A.” Id., at 13, 947 So.2d at 24, quoting Avenal v. State, 95-0836 (La.App. 4 Cir. 11/30/95), 668 So.2d 1150, writ denied, 96-0198 (La.1/26/96), 667 So.2d 524.

Conclusion

For the reasons expressed, we grant the writ and make it peremptory. We enter a judgment sustaining DOTD’s exception of improper venue, and remand the case to the district court with instructions to transfer either to Franklin or to East Ba *1037 ton Rouge Parish. All costs are to be paid by the respondent, Sherree Freeman.
WRIT GRANTED AND MADE PEREMPTORY; EXCEPTION SUSTAINED; CASE REMANDED WITH INSTRUCTIONS.