| CAMERON ENGLISH, RYAN BERNI, POOJA PRAZID, LYNDA WOOLARD, STEPHEN HANDWERK, AMBER ROBINSON, JAMES BULLMAN, KIRK GREEN AND DARRYL MALEK-WILEY | * | NO. 2021-C-0739 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-03538, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)

LOBRANO, J., CONCURS IN THE RESULT

Jeff Landry
ATTORNEY GENERAL
Carey T. Jones
Jeffry M. Wale
Lauryn A. Sudduth
Assistant Attorneys General
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, LA 70802

Celia Cangelosi
5551 Corporate Blvd., Suite 101
Baton Rouge, Louisiana 70808

COUNSEL FOR DEFENDANT/RELATOR

Aria Branch
Lalitha Madduri
Jacob D. Shelly
Elias Law Group LLP
10 G Street NE, Ste. 600
Washington, DC  20002

Abha Khanna
Jonathan P. Hawley
Elias Law Group, LLP
1700 Seventh Avenue, Ste. 2100
Seattle, Washington  98101


Darrel J. Papillion
Renee Chabert Crasto
Jennifer Wise Moroux
Walters, Papillion, Thomas, Cullens, LLC
12345 Perkins Road, Building One
Baton Rouge, Louisiana  70810


      COUNSEL FOR PLAINTIFF/RESPONDENT

**WRIT GRANTED; JUDGMENT REVERSED; EXCEPTION OF IMPROPER VENUE GRANTED**

**FEBRUARY 2, 2022**

The defendant, R. Kyle Ardoin, in his official capacity as Louisiana Secretary of State, seeks review of the trial court's judgments of November 16, 2021, and December 10, 2021, denying his exceptions of improper venue, lack of subject matter jurisdiction, no cause of action and no right of action.

The plaintiffs filed the present action seeking declaratory and injunctive relief preventing the Secretary of State from using the 2010 reapportionment/redistricting plan adopted in 2011, La. R.S. 18:1276.1[1], in the

---

[1] La. R.S. 18:1276.1 provides in pertinent part that "Louisiana shall be divided into six congressional districts, and the qualified electors of each district shall elect one representative to the United States House of Representatives." The statute then provides for the specific composition of each congressional district. The Editor's Notes under the statute references Acts 2011, 1ST EX.SESS., No.2, through which the statue was established:

PRECINCTS, SUBDIVISION DESIGNATIONS; EXISTING TERMS; REPEAL; EFFECTIVENESS--ACTS 2011, 1ST EX.SESS., NO. 2
Sections 2 to 5 of Acts 2011, 1st Ex.Sess., No. 2 provide:
"Section 2. (A) The precincts referenced in this Act are those Voting Districts (VTDs) contained in the 2010 Census Redistricting TIGER/Line Shapefiles for the State of Louisiana.
"(B) When a precinct referenced in this Act has been subdivided by action of the parish governing authority on a nongeographic basis or subdivided by action of the parish governing authority on a geographic basis in accordance with the provisions of R.S. 18:532.1, the enumeration in this Act of the general precinct designation shall include all nongeographic and all geographic subdivisions thereof, however such subdivisions may be designated. The territorial limits of the districts as provided in this Act shall continue in effect without change regardless of any changes made to the precincts by the parish governing authority."
"Section 3. The provisions of this Act shall not reduce the term of office of any person holding any position or office on the effective date of this Section, for which the appointment or election is based upon a congressional district as composed pursuant to R.S. 18:1276. Any position or office filled after January 3, 2013, for which the

1

upcoming 2022 Congressional elections. The plaintiffs seek (1) a declaration that the current configuration of Louisiana's congressional districts violates Article I, Section 2 of the U.S. Constitution and Article I, Sections 7 and 9 of the Louisiana Constitution; (2) an injunction preventing the defendant from implementing, enforcing, or giving any effect to Louisiana's current congressional districting plan; (3) the court to establish a schedule that will enable the court to adopt and implement a new congressional district plan by a date certain should the political branches fail to enact such by that time; and (4) the court to implement a new congressional district plan that complies with Article I, Section 2 of the U.S. Constitution and Article I, Sections 7 and 9 of the Louisiana Constitution, if the political branches fail to enact a plan by a date certain set by the court.

In response to the plaintiffs' petition, Ardoin filed exceptions of lack of subject matter jurisdiction, improper venue, no cause of action and no right of

appointment or election is based on a congressional district shall be appointed or elected from a district as it is described in this Act.
"Section 4. R.S. 18:1276 is hereby repealed in its entirety."
"Section 5. (A) The provisions of Section 1 of this Act shall become effective solely for the purposes of the election of representatives to the United States Congress at the next regularly scheduled election for representatives to the congress in 2012, commencing on the date and at the time that the qualifying period opens for such offices. The effectiveness of Section 1 of this Act for such purposes shall not reduce the term of office of any member of the congress elected at the 2010 congressional election or elected to fill a vacancy for the remainder of a term which began on January 3, 2011, or change the district which any member of congress represents pursuant to R.S. 18:1276. For subsequent elections of representatives to the United States Congress and for all other purposes, the provisions of Section 1 of this Act shall become effective at noon on the third day of January in 2013.'
"(B) The provisions of Section 4 of this Act shall become effective at noon on the third day of January in 2013."
"(C) The provisions of this Section and Sections 2 and 3 of this Act shall become effective upon signature of this Act by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If this Act is vetoed by the governor and subsequently approved by the legislature, the provisions of this Section and Sections 2 and 3 of this Act shall become effective on the day following such approval."
Acts 2011, 1st Ex.Sess., No. 2 was signed by the governor on April 14, 2011.

action. The trial court conducted a hearing on the exceptions on August 20, 2021 and rendered a judgment on November 16, 2021, denying the exceptions. On November 23, 2021, Secretary Ardoin filed a notice of intent seeking review of the judgment, and the trial court set a return date of December 16, 2021.

In the interim, plaintiffs filed a supplemental and amending petition on August 19, 2021. Secretary Ardoin again filed exceptions of lack of subject matter jurisdiction, improper venue, no cause of action and no right of action as to the supplemental and amending petition. The trial court rendered judgment on December 10, 2021, denying the exceptions. It is from this judgment that Ardoin now seeks review.

While it appears that the plaintiffs have a right of action to pursue injunctive relief prohibiting the Secretary of State from using the present apportionment scheme in future elections, the plaintiffs have filed suit in the wrong venue and before they were aggrieved.

### *Exception of Venue*

The plaintiffs are all citizens and voters of the State of Louisiana, whose votes would not be properly counted if the State were to use the present apportionment scheme in future elections. The use of the present apportionment scheme could lead to underrepresentation in certain districts. While the plaintiffs may have a cause of action and right of action in regards to their request for injunctive relief against the Secretary of State, respondent submits that the claims would have to be brought in East Baton Rouge Parish, the only proper venue for this action. He relies upon La. R.S.13:5104, which provides:

> A. All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of

3

his employment shall be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.

B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.

The Supreme Court has held that this statute is the mandatory general venue statute which applies in suits against State agencies, unless other more specific venue provisions apply in suits against particular agencies. *Colvin v. Louisiana Patient's Compensation Fund Oversight Board,* 2006–1104, p.11 (La.1/17/07), 947 So.2d 15, 22. In *Colvin,* the Court determined that the "operative facts which support the plaintiff's entitlement to recovery" all occurred in East Baton Rouge Parish, those operative facts being the state agency's administrative decision not to settle the plaintiffs' claims. *Colvin,* 2006–1104, p. 14, 947 So.2d at 24. The Court also recognized that where a state agency's ministerial or administrative actions are called into question, East Baton Rouge Parish is the only appropriate forum. *Colvin,* 2006–1104, p. 14, 947 So.2d at 24; See also *LeBlanc v. Thomas,* 2008–2869, pp. 9–10 (La.10/20/09), 23 So.3d 241, 246.

*Colvin* provides an excellent analysis of the Legislature's intent in its enactment of La. R.S. 13:5104 and the application of the statute in relation to the venue provisions found in the Code of Civil Procedure. The *Colvin* Court concluded that "suits against the state or state agencies are not governed by the general venue provisions and exceptions found in Louisiana Code of Civil Procedure Articles 42 and 71 through 85. Instead, the general venue provisions for the state or state agencies are found at La. R.S. 13:5104(A), and this general venue provision governs, unless a more specific venue governing a specific state agency

4

is found elsewhere in the Revised Statutes." *Colvin*, pp. 10-11, 947 So.2d at 22. The Court also adopted this Court's test for determining where a cause of action arises as enunciated in *Avenal v. State, Dept. of Natural Resources,* 95–0836 (La. App. 4 Cir. 11/30/95), 668 So.2d 1150. In *Avenal,* this Court held that "the place where the operative facts occurred which support plaintiff's entitlement to recovery is where the cause of action aris[es]" for venue purposes under La. R.S. 13:5104(A).

The *Colvin* Court then determined that venue was proper in East Baton Rouge Parish. The Court noted that the operative facts, the defendant's administrative decision not to settle the plaintiffs' claims, occurred in East Baton Rouge Parish. The Court stated that East Baton Rouge Parish is the "only appropriate forum, as that is both 'the district in which the state capital is located' and 'the district court having jurisdiction in the parish in which the cause of action arises.'" *Colvin*, p. 14, 947 So.2d at 26. The Court explained:

> Because these consolidated cases seek recovery based on administrative decisions of the PCFOB not to settle medical malpractice claims in a matter satisfactory to plaintiffs, which decisions, and failure to satisfactorily pay, were made in East Baton Rough Parish, we find that the operative facts which support plaintiff's entitlement to recovery occurred in East Baton Rough Parish. Further support for this decision is the fact that plaintiffs also seek a declaratory judgment which would have statewide, as opposed to purely local, effect. Therefore, under La. R.S. 13:5104(A), venue is not proper in Bossier Parish, where the plaintiffs are domiciled, or Caddo Parish, but is only proper under La. R.S. 13:5104(A) in East Baton Rouge Parish.

*Colvin*, p. 18, 947 So.2d at 27.

The plaintiffs acknowledge that La. R.S.13:5104 provides the venue provisions for their claims, but suggest the language in the statute which provides that venue is proper "in the district court having jurisdiction in the parish in which the cause of action arises" allows for their suit to proceed in Orleans Parish. The

5

plaintiffs contend that their cause of action arises from the loss of their constitutionally protected right to vote and the right to have their vote count in the parish of their residence, i.e. Orleans Parish. The *Colvin* Court defined a cause of action for venue purposes as "the place where the operative facts occurred which support plaintiff's entitlement to recovery." Despite plaintiffs' suggestion that the operative facts would occur in Orleans Parish, where they resided and were entitled to vote, the real operative facts which would support the plaintiffs' entitlement to the relief sought would occur in East Baton Rouge, where the Legislature would enact (or fail to enact) the new apportionment scheme. The decision of the Governor to sign or veto the apportionment scheme adopted by the Legislature would also occur in East Baton Rouge Parish. In regards to the injunctive relief sought against the Secretary of State, the injunctive relief would not be warranted unless the Secretary of State made a decision to use the present apportionment statute, which decision would also be made in East Baton Rouge Parish.

We therefore find that venue in this matter is only proper in East Baton Rouge Parish. The trial court erred in denying the exception of improper venue.[2] Accordingly, this writ is granted. The trial court's rulings are reversed and the plaintiffs' suit is dismissed without prejudice.

**WRIT GRANTED; JUDGMENT REVERSED; EXCEPTION OF IMPORPER VENUE GRANTED**

---

[2] Considering our decision as to venue, we will pretermit ruling on the other exceptions. However, it appears the plaintiffs' claim is premature at this juncture regarding a cause of action and the plaintiffs' lack standing regarding a right of action.

6